UNITED STATES DISTRICT COURT
Southern District of California

FILED
OCT 30 2017
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

John A. Olagues, Pro Se
A shareholder of Bofi Holdings Inc.

      Plaintiff

V.

Gregory Garrabrants Pres & CEO,
Andrew J. Micheletti EVP & CFO
Nick Mosich
John James Court
Bofi, nominal defendant

      Defendants

Private Right of Action
Under Section 16 b of the
Securities Act of 1934

Case # '17 CV 2217 LAB JMA

## COMPLAINT
## JURY TRIAL DEMANDED

1. Plaintiff, alleges, based upon knowledge with respect to the facts relating to defendants upon information and belief with respect to all other allegations, as follows:

### INTRODUCTION

2. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by defendants Gregory Garrabrants Pres & CEO, Andrew J. Micheletti EVP & CFO, Nick Mosich and John James Court while they were statutory insiders and officers of Bofi Holdings Inc.

3. Gregory Garrabrants Pres & CEO, Andrew J. Micheletti EVP & CFO, Nick Mosich and John James Court at all relevant times were officers Bofi Holdings Inc. within the meaning of Section 16(b).

1

4. Section 16(b) requires company insiders to disgorge any profits earned by Section 16 (b) insiders through short-swing insider trading (i.e., non-exempt purchases and sales, or non-exempt sales and purchases, of the company's equity securities, within less than a six month period). Actual misuse of inside information is not an element of the claim although the statute embodies a presumption that statutory insiders have access to such inside information.

5. The SEC is allowed to pass rules that exempt transactions that are "not comprehended to be within the purpose" of Section 16 b of the 1934 Securities Act as stated in section 16(b) shown below:

*"**(b) For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase,** of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months.*

*Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. **This subsection shall not be construed to cover any transaction** where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security or security-based swap agreement or a security-based swap involved, or any transaction **or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."***

The part allowing the SEC limited authority to make Rules for exemptions of Section 16 (b) is confirmed by the Court in Levy v. Sterling as below:

### United States Court of Appeals, Third Circuit.
### Mark LEVY, Appellant v. STERLING HOLDING COMPANY, LLC; National Semiconductor Corporation; Fairchild Semiconductor International, Inc. No. 07-1849.   Decided: October 1, 200

*According to the statute itself, the purpose of section 16(b) is "preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer." 15 U.S.C. § 78p(b). The statute authorizes the SEC to promulgate rules and regulations exempting from liability transactions that are "not comprehended within[this] purpose." Id.; see Levy I, 314 F.3d at 112. Exercising this authority, the SEC has established a number of section 16(b) exemptions. See 17 C.F.R.§§ 240.16b-1, .16b-3, .16b-5 to .16b-8 (codifying SEC Rules 16b-1, 16b-3, and 16b-5 to 16b-8).*

## PARTIES

- Plaintiff, John Olagues, shareholder of Bofi Holdings Inc.

- Defendants  Gregory Garrabrants Pres & CEO, Andrew J. Micheletti EVP & CFO, Nick Mosich and John James Court.

- Nominal Defendant,  Bofi Holdings Inc.

6. Bofi Holdings Inc Common Stock is registered with the SEC pursuant to Section 12 of the Exchange Act and the Common Stock trades on the NASDAQ under the symbol BOFI.

7. Bofi Holdings Inc. is a necessary party as this securities enforcement action is brought by Plaintiff in order to obtain a recovery for the firm, Bofi Holdings Inc.

3

## JURISDICTION AND VENUE

8. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].

9. Venue is properly laid in this District because Defendants Gregory Garrabrants Pres & CEO, Andrew J. Micheletti EVP & CFO, Nick Mosich and John James Court were located in this District at the time of the offenses.

## SUBSTANTIVE ALLEGATIONS

10. The relevant transactions shown on Form 4s filed with the SEC by Defendants Gregory Garrabrants Pres & CEO, Andrew J. Micheletti EVP & CFO, Nick Mosich and John James Court are below. Attached as **Exhibit A,** are the relevant filings by Defendants, who were officers or directors when the purchases and dispositions illustrated below were made. The purchases of the shares by defendants Gregory Garrabrants Pres & CEO, Andrew J. Micheletti EVP & CFO, Nick Mosich and John James Court were a market purchases and not exempt from 16 (b). This is conceded by defendants.

The shares disposed of are dispositions to Bofi for taxes and alleged taxes due to the vesting of RSU's, which appear to be discretionary dispositions and are not exempt for a number of reasons. The most significant reason being that the dispositions are "comprehended within the purpose of section 16 (b)" and can not be exempted by the SEC.

**Gregory Garrabrants**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 6,670 | 11/3/2015 | $91.4 | 6,670 | 6/30/2015 | $105.7 | $95,381 |
| 1605 | 11/4/2015 | $93.91 | 1605 | 6/30/2015 | $105.7 | $18,906 |
| 500 | 12/08/2015 | $75.96 | 500 | 6/30/2015 | $105.7 | $14,870 |
| 250 | 12/09/2015 | $73.88 | 250 | 6/30/2015 | $105.7 | $ 7,797 |

Total Profit................$136,954

4

Case 3:17-cv-02217-LAB-JMA Document 1 Filed 10/30/17 PageID.5 Page 5 of 8



Before the 4x1 split, Bofi shares on 11/3/2015 closed at $94 after the stock dropped from $140, to as low as $84.69 (i.e. from $35 to $21) after 20 days. Mr. Garrabrants bought 6670 shares for an average of $91.40 as stated on his Form 4 below:

( 2 )This transaction was executed in multiple trades, at prices ranging from $85.38 to $94.94

## Andrew J. Micheletti

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 250 | 2/11/2016 | $54.76 | 250 | 9/12/2015 | $120.2 | $16,250 |

## Nick Mosich

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 150 | 11/13/2015 | $85.90 | 150 | 8/6/2015 | $130.4 | $6,675 |

## John James Court

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 500 | 2/19/2016 | $67.06 | 500 | 8/6/2016 | $71.76 | $2,350 |

Total Combined Profits.........$162,229

5

11. The shares disposed of to the issuer were discretionary payments by officers for for a tax liability. All of the insiders entered a Code "F" in column 3 of Table I on the SEC Form 4s, which does not indicate that there is an exemption of the dispositions from section 16 (b) via SEC Rule 16 b-3(e). Code "F" merely indicates that the grants of the RSUs or Restricted Stock were exempt from Section 16 as the grants were exempt but the dispositions for taxes (or alleged taxes) were not exempt. Had the defendants believed that the dispositions to the issuer were exempt, they should have entered a code "D".

12. **Six Required Elements to be shown by Plaintiff for Section 16 b enforcement**

a. A non exempt purchase and a non exempt sale of equity securities of the issuer within less than 6 months by an officer, director or owner of greater than 10 % of the stock.
b. The insider must be an officer, director or greater than a 10% beneficial owner when the non exempt purchase and non exempt sale are made
c. There must be a profit made between the two transactions (a purchase and a sale).
d. The Plaintiff/shareholder must be an owner of issuer securities, when the suit is initiated by Plaintiff.
e. The suit must be filed within less than two years from the last non exempt transaction.
f. The issuer must be notified by the shareholder of the Section 16 b violation and then given 60 day within which to seek recovery from the insider.

13. All of the above required elements for recovery of the profits from the matched market purchase and the discretionary dispositions were met and clearly illustrated.

14. But attorneys for defendants will argue that the dispositions to the issuer are exempt from section 16 (b). They will claim the dispositions are approved by the company or the committee in order to achieve an exemption from section 16 (b) via SEC Rule 16 b-3(e). They will not show any approval documents or any proof that the specificity requirements for approval were made for the dispositions. They will make such a claim notwithstanding the fact that on the SEC Form 4, it was

6

indicated on column 3 Table 1 that the transaction was an code "F" Transaction, which does not indicate that the transaction was exempt from section 16 (b) via SEC Rule 16 b-3(e).

15. **Requirements for exemptions**

In order to achieve an exemption from Section 16 (b) of the 1934 Act, for a transaction, the following elements are required according to the American Bar Association and the New York Bar Association, which are endorsed by the SEC in the Release of August 9, 2005

1.   These type of exempt transactions must be "not comprehended within the purpose of section 16 (b)."
2.   The officer's dispositions to the issuer must not be done when the insider has superior footing relative to the issuer and.
3.   There is satisfaction of "gate keeping conditions" for approval that are required by the SEC Rules to get an exemption for the transactions.

**None of the required elements for exemptions are present here**

## BASIS FOR INFORMATION AND BELIEF

19. Plaintiff's information and belief is based on, among other things, the SEC Form 4s referenced herein in **Exhibit A** and the violations of the Securities law as described above.

## ALLEGATIONS AS TO DEMAND

20. Plaintiffs notified Bofi Holdings Inc. of the facts alleged above (the "Demand"). Attorneys for Bofi Holdings Inc. refused to request disgorgement of the profits from Mr Garrabrants et al and refused to file suit to recover such profits totaling $ 162,229 as a penalty to Bofi Holdings Inc.

21. The attorneys for Bofi Holdings Inc. refused to respond to Plaintiff's 60 day letter and have shown no reasons why any of the transactions were exempt from section 16 (b). Nor was there any public records illustrating exemptions from section 16 of the 1934 Securities exchange Act.

## PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff prays for judgment against Defendants, Gregory Garrabrants Pres & CEO, Andrew J. Micheletti EVP & CFO, Nick Mosich and John James Court in an amount to be determined at trial, plus prejudgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

23. The amount to be at a minimum of $ 162,339 which is the total profit received from matched non exempt purchases and non exempt dispositions.

Respectfully Submitted

John Olagues
413 Sauve Rd.
River Ridge LA. 70123
olagues@gmail.com
504-305-4071